**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEPHON L. MONTGOMERY, | ) | Case No. 24-3437-DSC13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THE FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. ________________ |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHON L. MONTGOMERY, | ) | |
| | ) | |
| Defenant. | ) | |

**COMPLAINT FOR DETERMINATION OF**
**NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523**

Plaintiff The Federal Savings Bank ("TFSB") complains against defendant Stephon L. Montgomery ("Montgomery") as follows:

**<u>COUNT I – FOR A DETERMINATION OF NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)</u>**

1. On November 8, 2024, Montgomery filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Case No. 24-3437.

2. On December 11, 2024, Montgomery's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code.

3. As of the date of this Complaint, Montgomery has not been granted a discharge, and none of his debts have been discharged.

4. This is an adversary proceeding in which The Federal Savings Bank is seeking a determination under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) as to the non-dischargeability of the debt owed by Montgomery to TFSB.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

6. This case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

7. TFSB is a federally chartered savings bank with its main office in Chicago, Illinois. TFSB is, therefore, a citizen of the State of Illinois.

8. Montgomery is an individual who is a citizen of the State of Alabama.

9. There is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Montgomery resides in this district.

11. From December 13, 2002 until May 17, 2022, Montgomery and Helen Montgomery ("Helen") jointly owned a home located at 959 Diane St. in Leeds, Jefferson County, Alabama.[1]

12. Prior to January 26, 2018, Montgomery and Helen Montgomery had financed their home with Home Point Financial Corporation ("Home Point"), which, as of January 26, 2018, held a mortgage on the home.

13. On January 26, 2018, Montgomery borrowed $290,439.28 from TFSB to refinance the home that Helen and he owned, and both of them gave TFSB a first mortgage on the home to secure that loan. Montgomery was the only obligor on the loan. On January 31, 2018, the closing agent paid

---

[1]At the time they took title to the house, its address was 1909 Diane Street.

the proceeds of Montgomery's TFSB loan to Home Point, and Home Point subsequently released its mortgage lien on the home.

14. At all relevant times, there was in force and effect in the United States a statute commonly known as the Truth in Lending Act ("TILA").

15. At all relevant times, that portion of TILA codified at 15 U.S.C. § 1635 has provided, in pertinent part, as follows:

> (a) Disclosure of obligor's right to rescind
>
> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
>
> (b) Return of money or property following rescission
>
> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the

> location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

16. Prior to making its loan to Montgomery, TFSB had made the disclosures required by 15 U.S.C. § 1635(a). Attached hereto as Exhibit A is the Notice of Right to Cancel signed by Montgomery.

17. On January 29, 2018, Montgomery, sent an e-mail to his loan officer at TFSB stating that he had changed his mind and was exercising his right, pursuant to 15 U.S.C. § 1635(a), to rescind the loan that TFSB had made to him. The loan officer was not in the office when that e-mail arrived, and did not become aware that he had received that e-mail until after the closing agent had paid the loan proceeds to Home Point and Home Point had released its mortgage on the home.

18. After it became aware that Montgomery had exercised his right of rescission, TFSB timely rescinded the loan, terminated its mortgage on the home, refunded the fees that Montgomery had paid TFSB in connection with the loan, and otherwise met its obligations pursuant to 15 U.S.C. § 1635(b). It thereupon became Montgomery's obligation, pursuant to 15 U.S.C. § 1635(b), to tender repayment of the principal amount that TFSB had loaned to him, which was $289,939.28.

19. Despite demand therefor, Montgomery failed and refused to tender repayment of any portion of the principal amount he borrowed from TFSB as he was required to do under TILA.

20. Montgomery's failure and refusal to tender repayment of any portion of the principal amount he borrowed from TFSB also resulted in his unjust enrichment.

21. On January 18, 2022, TFSB commenced an action against Montgomery in the United States District Court for the Northern District of Alabama for (a) violation of TILA and (b) unjust

enrichment. On March 5, 2022, that Court granted summary judgment in favor of TFSB for Montgomery's TILA violation and unjust enrichment, as well as on Montgomery's counterclaim, and entered a final judgment in favor of TFSB and against Montgomery in the amount of $289,939.28. The Court's Memorandum Opinion on Cross-Motions for Summary Judgment is attached hereto as Exhibit B and its final judgment order is attached hereto as Exhibit C.

22. No portion of the judgment amount has been paid.

23. On April 17, 2024, TFSB recorded a Certificate of Judgment against the Diane Street Property. (Claim 4, Part 3.) TFSB therefore has a lien against the Diane Street Property that secures its judgment. (28 U.S.C. § 1962; Al. St. 6-9-210 and 6-9-211.)

24. Montgomery knew, before TFSB made its loan to him, that, if he exercised his right to rescind that loan, he would be obligated to return the principal amount he had borrowed to TFSB. The Notice of Right to Cancel that Montgomery signed before obtaining his loan expressly says so.

25. 11 U.S.C. § 523(a)(4) provides, in pertinent part:

> A discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–for...larceny... .

26. Larceny is the felonious taking and carrying away of the personal property of another with the intent to deprive the owner thereof. *Mauldin v. State, 376 So. 2d 788, 791* (Ala. Crim. App.)*, writ denied sub nom. Ex parte Mauldin*, 376 So. 2d 793 (Ala. 1979).

27. Montgomery took and carried away TFSB's money with the intent to deprive TFSB of that money. Montgomery's debt to TFSB is, therefore, non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, plaintiff The Federal Savings Bank prays for entry of judgment in its favor

and against defendant Stephon L. Montgomery holding that Montgomery's judgment debt to The Federal Savings Bank is not dischargeable, together with such other and further relief as the Court may deem just and proper.

**COUNT II – FOR A DETERMINATION OF NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(6)**

1-24. TFSB realleges and incorporates by reference the allegations of Paragraphs 1 through 24 of Count I as the allegations of Paragraphs 1 through 24 of Count II.

25. 11 U.S.C. § 523(a)(6) provides, in pertinent part:

> A discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–for willful and malicious injury to another entity... .

26. By failing and refusing to return any part of the principal amount that TFSB had loaned him after he rescinded his loan, Montgomery caused willful and malicious injury to TFSB. Montgomery's debt to TFSB is, therefore, non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, plaintiff The Federal Savings Bank prays for entry of judgment in its favor and against defendant Stephon L. Montgomery holding that Montgomery's judgment debt to The Federal Savings Bank is not dischargeable, together with such other and further relief as the Court may deem just and proper.

**COUNT III – FOR A DETERMINATION OF NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

1-24. TFSB realleges and incorporates by reference the allegations of Paragraphs 1 through 24 of Count I as the allegations of Paragraphs 1 through 24 of Count III.

25. 24. 11 U.S.C. § 523(a)(2)(A) provides, in pertinent part:

> A discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this title

> does not discharge an individual debtor from any debt–for money,...or refinancing of credit, to the extent obtained by–false pretenses, a false representation, or actual fraud... .

26. Montgomery obtained money from TFSB by false pretense, false representation, and actual fraud by acknowledging in writing before TFSB made the loan to him that he understood that he would be obligated to return the principal if he rescinded the loan when he had no intention whatsoever of doing so. Montgomery's debt to TFSB is, therefore, non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, plaintiff The Federal Savings Bank prays for entry of judgment in its favor and against defendant Stephon L. Montgomery holding that Montgomery's judgment debt to The Federal Savings Bank is not dischargeable, together with such other and further relief as the Court may deem just and proper.

**THE FEDERAL SAVINGS BANK**

By /s/ Daniel S Hefter

Daniel S Hefter (IL Bar #3127998)
**HEFTER LAW, LTD**.
332 S. Michigan Ave., Suite 900
Chicago, IL 60604
(312) 264-6565
dhefter@hefter-law.com

and

John W. Clark IV
**BAINBRIDGE MIMS ROGERS SMITH LLP**
SouthState Bank Building
600 Luckie Drive, Suite 415
Birmingham, AL 35223
(205) 868-4101
jclark@bainbridgemims.com

Attorneys for The Federal Savings Bank

Dated: December 13, 2024